```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Mark W. King,                    :
     Petitioner,                 :
                                 :
     v.                          :    File No. 1:08-CV-231
                                 :
Robert Hofmann,                  :
Commissioner, Vermont            :
Department of Corrections,       :
     Respondent.                 :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Vermont inmate Mark King, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. King is challenging the methodology used by the Vermont Department of Corrections ("DOC") in calculating sentence credit for good behavior. He brought this same challenge, unsuccessfully, in state court. For the reasons set forth below, I recommend that the petition be DENIED.[1]

## Factual and Procedural Background

On October 23, 2003, King was sentenced to 27 to 30 years in prison for crimes of voluntary manslaughter and first degree aggravated domestic assault. On February 12,

---

[1] In state court, King's case was consolidated with that of fellow inmate Scott Brooks. After losing on appeal at the Vermont Supreme Court, both King and Brooks filed substantively identical § 2254 petitions here. On February 13, 2009, I issued a Report and Recommendation to Judge Sessions recommending denial of the Brooks petition. Brooks v. Hofmann, File No. 2:08-CV-230 (Paper 8). Judge Sessions adopted my Report and Recommendation in full on March 9, 2009. Id. (Paper 10). The analysis set forth in this Report and Recommendation is the same as that presented in the Brooks case.

2007, he filed a motion for injunctive relief under Vt. R. Civ. P. 75, challenging the DOC's methodology for calculating sentence reductions. Specifically, King challenged the DOC's interpretation of 28 V.S.A. § 811, which governs reductions of term for good behavior. His argument was that good-time credits should be based upon the sentence imposed by the court, rather than upon time actually served. King v. Hofmann, 2008 VT 18, ¶ 2, 945 A.2d 895, 896. This argument was rejected by both the lower court and on appeal.

At the time King committed his offense, § 811 stated in relevant part:

> (a) Each inmate sentenced to imprisonment and committed to the custody of the commissioner for a fixed term or terms shall earn a reduction of five days in the minimum and maximum terms of confinement for each month during which the inmate has faithfully observed all the rules and regulations of the institution to which the inmate is committed.
>
> (b) A reduction of up to ten additional days in the minimum and maximum terms of confinement for each month may be made if the inmate participates in treatment, educational or vocational training programs or work identified by the department to address the inmate's needs. . . .

28 V.S.A. § 811(a) & (b). In the state court case, the Vermont Supreme Court found that § 811 "unambiguously

provides" that an inmate cannot be given credit for good behavior until he has completed a 30-day period of incarceration in which he observed prison rules and regulations. King, 2008 VT 18, ¶ 3, 945 A.2d at 896 (citations omitted). Accordingly, the court found that any argument for calculation of good-time credits based on the sentence imposed, rather than the time actually served, had "no merit." Id. The Vermont Supreme Court further determined that amendments to § 811 in 2005 did "not alter the methodology for the determination of good time credit applicable to sentences imposed for offenses committed prior to 2005." Id. at ¶ 5, 945 A.2d at 897.

King also argued in state court for application of 28 V.S.A. § 701(c), "which provides that any reference to sentencing or confinement of inmates to any correctional facility under the [DOC's] authority shall be construed to mean sentencing or confinement to the custody of the commissioner rather than any particular facility . . . ." Id. at ¶ 6, 945 A.2d at 897. The Vermont Supreme Court found "no logical connection between § 701(c) and plaintiffs' claims in this appeal." Id.

King now brings essentially these same arguments in his

§ 2254 petition, with particular reliance on 28 V.S.A. § 701(c). The petition sets forth two related grounds for relief. The first appears to argue that because § 701(c) does not limit confinement to any particular facility or department, but rather to the custody of the DOC commissioner, the legislature meant to require adherence to the sentenced imposed. As noted above, the Vermont Supreme Court found no logical connection between § 701 and the sentence calculation issue. The petitioner's second argument is that the DOC's interpretation of § 811 is not entitled to deference. (Paper 1-2).

## Discussion

This case involves the interpretation of state statutes. Specifically, the question is whether the DOC is correctly applying 28 V.S.A. § 811. "It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002) (citing 28 U.S.C. § 2254; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of the federal habeas court to reexamine state-court determinations on

state-law questions.")).  King has not argued that the DOC's misapplication violates any federal rights, constitutional or otherwise.  Accordingly, it may be argued that this Court has no role in determining the questions presented by his petition.

In the state court litigation, the Vermont Supreme Court noted that the lower court had found "no constitutional infirmities [with § 811] either on its face or as applied."  King, 2008 VT 18, ¶ 2, 945 A.2d at 896.  It is not clear from the record what sort of constitutional challenge might have been presented in state court.  Nonetheless, giving King's *pro se* petition the required liberal reading, this Court should consider the potential for a constitutional claim.  See Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'").

King argues in his § 2254 petition that the DOC's interpretation of § 811 is not entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-43 (1984).  (Paper 1-2 at 5).  Assuming for the

5

sake of argument that a Chevron analysis involves "the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, it has no application here. "Chevron's familiar rubric requires a court to defer to an agency's interpretation of a statute it is charged with enforcing should the court conclude the agency has provided a reasonable interpretation of *an ambiguous statute*." Blake v. Carbone, 489 F.3d 88, 100 (2d Cir. 2007) (citing Chevron, 467 U.S. at 842-43) (emphasis added). As the Vermont Supreme Court properly concluded, § 811 is not ambiguous. 2008 VT 18, ¶ 3, 945 A.2d at 896. The statute dictates that good-time credit is due for each month in which an inmate has "faithfully observed the rules and regulations of the institution to which the inmate is committed." 28 V.S.A. § 811(a). This language makes quite clear that an inmate cannot earn time for good behavior until he has completed a month of incarceration and complied with prison rules and regulations. Lacking any ambiguity, the statute is not subject to a Chevron deference analysis.

In his reply memorandum, King refers to the "rule of lenity" and the principle of "fair warning." (Paper 5 at 5-6). These principles arise out of due process requirements,

and apply when ambiguous criminal statutes fail to provide defendants with fair warning of prohibited conduct.  See United States v. Dauray, 215 F.3d 257, 264 (2d Cir. 2000) ("Due process requires that a criminal statute 'give fair warning of the conduct that makes it a crime.'") (quoting Bouie v. City of Columbia, 378 U.S. 347, 350-51 (1964)); United v. Polizzi, 549 F. Supp. 2d 308, 377 (E.D.N.Y. 2008) ("A canon of statutory interpretation, the rule of lenity requires that in construing an ambiguous criminal statute, a court should resolve any ambiguity in favor of the defendant.) (citations omitted).  Assuming that such principles may be applied to a good-time provision under state law, these rules nonetheless have no application here since the statute in question is not ambiguous.

It is also conceivable that King is bringing a due process claim based simply upon the fact that the DOC is wrongfully depriving him of his freedom.  In Wolff v. McDonnell, 418 U.S. 539, 557 (1974), the Supreme Court determined that once a State creates a right to good time credit, it must establish procedures "appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily

abrogated."  Courts have held, however, that there is no right to due process when, as here, those credits have not yet been earned and prison officials have discretion to determine whether an inmate is eligible to earn good time credit.  See Abed v. Armstrong, 209 F.3d 63, 67 (2d Cir. 2000) (collecting cases); 28 V.S.A. § 811.

In sum, this Court's jurisdiction to review the DOC's interpretation of state law is questionable.  Where the petitioner's filings suggest the potential for a constitutional claim, his arguments are misplaced.  I therefore recommend that his § 2254 petition be DENIED.

## Conclusion

For the reasons set forth above, I recommend that King's petition, filed pursuant to 28 U.S.C. § 2254, be DENIED.

Dated at Burlington, in the District of Vermont, this 23rd  day of March, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).